**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**HARRY SULESKI,**

        **Plaintiff,**

  v.                                                                         Case No. 09-C-960

**BRYANT LAFAYETTE
& ASSOCIATES,**

        **Defendant.**

---

## DECISION AND ORDER

---

The Plaintiff, Harry Suleski ("Suleski"), brought this action against the Defendant, Bryant Lafayette & Associates ("Bryant"), alleging that Bryant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by the collection calls that it placed to Suleski. The FDCPA provides for federal jurisdiction over claims made pursuant to the Act. *See* 15 U.S.C. § 1692k(d). In addition, the Court has federal question jurisdiction under 28 U.S.C. § 1331. Venue in this district is proper under 28 U.S.C. § 1391(b).

Upon Suleski's request, the Clerk of Court entered default against Bryant on January 6, 2010, based upon Bryant's failure to file a responsive pleading or otherwise respond to the Complaint. The matter is before the Court on Suleski's motion for default judgment. Suleski seeks a total award of $3,782.80; the amount being comprised of $1,000 in statutory damages, *see* 15 U.S.C. § 1692(k)(a)(2)(A); and, $2,782.80 in attorney's fees and costs —

$2,432.80 in attorney's fees to date, and $350 for the filing fee. *See* 15 U.S.C. § 1692(k)(a)(3).

Relying on Rule 55(b)(1) of the Federal Rules of Civil Procedure, which provides for the entry of default judgment by the Clerk of Court when a claim is for a sum certain or a sum that can be made certain by computation, Suleski seeks the entry of default judgment. However, since the Court is resolving the motion and the attorney's fees are not a sum certain, Rule 55(b)(2) applies to Suleski's default judgment motion.

In determining whether a default judgment is warranted, the Court may consider a variety of factors, including the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* ¶ 2685 (3d ed. 1998). From Bryant's perspective, the amount of money involved is this action is rather small. Default was properly entered by the Clerk of Court. The grounds for the default – Bryant's failure to file an answer or other responsive pleading within 20 days of being served with the summons and Complaint – are clearly established. Furthermore, there is no indication that the default was caused by a good faith mistake or excusable neglect. To the contrary, as indicated by Suleski's March 9, 2010, status report, the parties engaged in settlement discussions. Thus, the circumstances warrant the entry of default judgment in favor of Suleski. Therefore, the Court finds that Bryant is liable to Suleski for violation of the FDCPA. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (stating "[a] default judgment

2

Case 2:09-cv-00960-RTR   Filed 05/10/10   Page 2 of 7   Document 11

establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint[,] *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).")

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Id.* The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Under the FDCPA, a debt collector who violates any provision under the FDCPA is liable for actual damages sustained by a plaintiff as a result of the violation, additional statutory damages up to $1,000.00 as the Court may allow, and the plaintiff's costs and reasonable attorney's fees. *See* 15 U.S.C. § 1692k(a). However, the FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998).

Suleski seeks only statutory damages. In determining whether statutory damages are appropriate in this case, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Bryant's telephone

calls to Suleski were both frequent and persistent, and Bryant improperly threatened legal action. Therefore, the Court will award Suleski $1,000.00 in statutory damages.

With respect to Suleski's claim for actual attorney's fees of $2,432.80 and costs of $350.00, he has provided an itemized billing statement of counsel and the cost of filing the Complaint. (*See* Decl. Supp. Pl.'s Mot., Attach.) Section 1692k(b)(1) of Title 15 of the United States Code provides that "in the case of any successful action to enforce the foregoing liability, [a debt collector is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court." *See Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) (holding that an award of fees to a successful plaintiff is "mandatory").[1]

The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA. *See Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010); *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P. C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). The starting point is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Gastineau*, 592 F.3d at 748 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If necessary, the court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748 (quoting *Schlacher*, 574 F.3d at 856-57). "The standard is whether the fees are reasonable in relation to the difficulty, stakes,

---

[1] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, No. 08-1200, __ S.Ct. __, 2010 WL 1558977, at *11 n.16 (Apr. 21, 2010), notes that the courts of appeals for the various circuits have taken different views about when and, whether § 1692k requires an award of attorney's fees. *Id*. (collecting cases).

and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir.1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550-59 (7th Cir. 1999).

The Court has reviewed the itemized schedule of attorney's fees submitted by Suleski. The statement indicates that the work in this case was done by Adam Krohn ("Krohn"); Ryan Lee ("Lee"); Greg Moss ("Moss"); and, paralegal(s). While not explained by Suleski, some of the paralegal work was done by law clerks, and the work was uniformly billed at $125.00 per hour.

The rate claimed for Krohn and Moss, managing partners of the Krohn & Moss Consumer Law Center, is $394.00 per hour. Krohn has specialized in consumer law since 1995, *see* http://www.krohnandmoss.com (attorney profiles) (last visited May 7, 2010). Moss was licensed to practice law in Illinois in November of 1995, and to practice law in Wisconsin in April of 2002. *See id.* According to the firm's website, Moss has handled "thousands of warranty law cases and consumer fraud actions." *See id.* The rate claimed for Lee, a non-Wisconsin associate attorney, who has been with the firm since 2006, *see id.*, is $290 per hour.

The attachment to the fee request states that Suleski has calculated the attorney's fees pursuant to the "attached" Consumer Law Attorney Fee Survey and the experience of counsel. The survey is not attached and counsel have not provided any information regarding their actual billing rate for comparable work, *see Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). However, the *United States Consumer Law Attorney Fee Survey* for

2008-09 for the Midwest and California, *see* www.consumerlaw.org/feesurvey (last visited May 7, 2010), supports the reasonableness of the hourly rates sought by counsel in light of their experience as described in their attorney profiles on the Krohn & Moss website. Furthermore, the hours spent on this matter are reasonable. Considering the additional relevant factors, *see Gastineau*, 592 F.3d at 748, Suleski has prevailed on his claim against Bryant, and counsel adequately documented the hours spent on his case. *See id*. Therefore, the Court will allow Suleski to recover $2,432.80 in attorney's fees from Bryant. Suleski also claims the cost of the filing fee, which is an allowable cost. *See* 28 U.S.C. § 1920. Thus, Suleski's request for attorney's fees and costs is granted.

"Section 1961(a) of the Judicial Code entitles the prevailing plaintiff in a federal suit . . . to postjudgment interest at a rate fixed in the statute, whether or not there is an award of interest in the judgment, *Clifford v. M/V Islander*, 882 F.2d 12, 14 (1st Cir.1989), or even a request for interest in the complaint." *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990) (citing Fed. R. Civ. P. 54(c); 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2664, at 159-60 (2d ed. 1983)). Thus, the judgment will include an award of post-judgment interest pursuant to 28 U.S.C. § 1961.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Suleski's motion for default judgment on his FDCPA claim is **GRANTED**. Bryant is liable to Suleski for violating the FDCPA and Suleski is awarded $1000.00 in

statutory damages and attorney's fees and costs, in the amounts of $2,342.80 and $350.00, respectively. Thus, the total amount awarded to Suleski against Bryant is $3,782.80;

Suleski is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961;

This action is **DISMISSED** with prejudice; and,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of May, 2010.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        **Hon. Rudolph T. Randa**
        **U.S. District Judge**